```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    FORT WAYNE DIVISION
```

| | |
|---|---|
| JASON EDWARD GODT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 1:11-CV-374 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the United States of America's Motion to Dismiss, filed on December 23, 2011. For the reasons set forth below, this motion is **GRANTED**. Accordingly, this case is dismissed.

BACKGROUND

According to the allegations contained in the complaint, the Internal Revenue Service ("IRS") began questioning Plaintiff regarding possible delinquent federal income taxes. Then the IRS placed liens on Plaintiff's property due to collect on delinquent taxes. Plaintiff asserts that on October 27, 2011, the IRS began collecting back taxes by garnishing his paycheck. Plaintiff filed a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," alleging that the IRS has sought to collect from him a direct

unapportioned income tax. Plaintiff argues that the IRS does not have constitutional power to impose a direct unapportioned income tax. Moreover, Plaintiff demands a declaratory judgment and asserts that the IRS agreed not to take collection action against him until "they have provided answers" to plaintiff's contentions concerning the constitutionality of the federal income tax system. As such, he seeks to have all liens and levies removed and seizures returned. Further, he seeks $100,000 for emotional and financial distress.

In response, the IRS has filed the instant motion to dismiss, arguing that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure respectively.

DISCUSSION

For the purpose of analyzing Defendant's Rule 12(b)(1) claims, the following standards apply. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdiction requirements have been met. *Kontos v. United States*

*Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).  In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

To the extent Defendant's claims are under Rule 12(b)(6), the Court will apply the following guidelines.  The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).  A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A plaintiff has an obligation under Rule 8(a)(2) to provide grounds of his entitlement to relief, which requires more than labels and conclusions.  *Id.* at 1965.  Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level.  *Id.*  Moreover, a plaintiff may plead himself out of court if the complaint includes

allegations that show he cannot possibly be entitled to the relief sought.  Jefferson v. Ambroz, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

This Court Lacks Subject Matter Jurisdiction Over
Plaintiff's Claims Under the Declaratory Judgment Act,
<u>the Federal Tort Claims Act and the Anti-Injunction Act.</u>

The IRS is correct that, to the extent Plaintiff makes claims under the Declaratory Judgment Act, the Federal Tort Claims Act and the Anti-Injunction Act, this Court is without subject matter jurisdiction those claims.

A liberal reading of the complaint demonstrates that the Plaintiff is asking this Court to enter a declaratory judgment that a statement in an IRS letter constitutes an agreement on the part of the IRS to stay collection of assessed federal income tax liabilities. While the Declaratory Judgment Act authorizes courts to "declare the rights and other legal relations of any interested party," it specifically exempts controversies "with respect to Federal taxes."  28 U.S.C. § 2201(a); see also *Seibert v. Baptist*, 594 F.2d 423, 428-29 (5th Cir. 1979)(recognizing that district courts have no jurisdiction over the use of declaratory judgments with respect to federal taxes).  Thus, this Court is without jurisdiction to enter a declaratory judgment here.

It also appears that Plaintiff is bringing tort claims against the IRS for emotional and financial distress.  Title 28 U.S.C. section 1346(b), subject to the conditions of the Federal Tort

Claims Act, 28 U.S.C. section 2671 et seq., does generally confer jurisdiction to district courts over "civil actions or claims against the United States, for money damages." However, "claim[s] arising in respect of the assessment or collection of any tax" are specifically excluded. 28 U.S.C. § 2680(c).[1] *Young v. I.R.S.*, 596 F.Supp. 141, 147 (N.D. Ind. 1984). Because Plaintiff seeks money damages for distress allegedly arising in respect of the assessment and collection of his federal income tax, this Court is without jurisdiction to entertain such claims.

In addition, Plaintiff asks this Court to apply the Anti-Injunction Act and restrain the collection of federal income tax by having "all liens and levies removed and seizures returned." However, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. Accordingly, the Court is without power to fulfill this request.

**Plaintiff's Claim Under the Title 42, Section 1983 of the Civil Rights Act Fails to State a Claim Upon Which Relief Can be Granted.**

Plaintiff styles his action "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." Section 1983 provides a private action against any person who, under color of state law, deprives another

---

[1] In addition, to bring any claim under the Federal Tort Claims Act, Plaintiff would be first required to exhaust his administrative remedies, 28 U.S.C. section 2675(a), which he did not do. (Decl. Spickelmier).

person of their rights. However, section 1983 does not apply to the acts taken under color of federal law. *Monroe v. Pape*, 365 U.S. 167 (1961); *Young v. I.R.S.*, 596 F.Supp. 141, 145 (N.D. Ind. 1984). "[A]ctions of the IRS officials, even if beyond the scope of their official duties, are acts done under color of federal law and not state law, thus making section 1983 inapplicable." *Young*, 596 F.Supp. at 145. Because the alleged actions of the IRS would have necessarily been undertaken pursuant to federal law, they cannot form the basis of a section 1983 claim.

It should be pointed out that Plaintiff does not provide any argument or legal authority in conflict with the issues discussed above. Instead, Plaintiff's response brief is focused on one discrete issue. He states that, "[w]ith the desire that truth will be revealed, I ask one simple request of this Court before ruling on the defence's motion to dismiss, I ask this Court to reconstruct the Supreme Court case that all the other lower Court cases acknowledge as the one that determined the existence of Constitutional power for a direct unapportioned income tax. That Supreme Court case is *Brushaber* 240 U.S. 1, 36 S.Ct. 236, (1916)." (DE# 9, p, 2). Simply stated, Plaintiff complains that the federal income tax is unconstitutional because it is a direct, unapportioned tax and that lower courts have misinterpreted *Brushaber* to allow such a tax.

This Court declines Plaintiff's request to reconstruct the Supreme Court case of *Brushaber*. As illustrated by the discussion

above, that issue is immaterial for purposes of resolving the instant motion.  Nevertheless, many litigants in the past have argued against the *Brushaber* decision and further argued that the federal income tax is unconstitutional because it is a direct, unapportioned tax. "This argument has been raised and rejected for decades."  *United States v. Maggi*, No. 98-5570, 1999 WL 96651, *2 (6th Cir. Feb. 5, 1999).

CONCLUSION

   For the reasons set forth above, the motion to dismiss is **GRANTED.**


**DATED:  March 29, 2012**              /s/RUDY LOZANO, Judge
                                        **United States District Court**